1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>LODGEBUILDER, INC.,<br><br>        Debtor.<br>_____<br><br>WILLIAM H. AUBREY, et al,,<br><br>        Appellants,<br><br>v.<br><br>BRENDA MOODY WHINERY, et al.,<br><br>        Appellees. | Case No. 09-14360-lbr<br><br>Chapter 7<br><br><br><br>2:11-CV-1476 JCM (GWF) |

**ORDER**

Presently before the court is *pro se* appellants William H. Aubrey and Brenda Todd's appeal of bankruptcy case *In re Lodgebuilder, Inc.*, 09-14103-lbr. Appellants filed an opening brief. (Doc. #13). Appellee Brenda Moody Whinery then filed an answering brief. (Doc. #15). Appellants did not file a reply brief. This court has jurisdiction pursuant to 28 U.S.C. § 158(a).

The United States Bankruptcy Court for the District of Nevada entered orders approving settlement agreements between Brenda Moody Whinery and James Lisowski, the chapter 7 trustee, in three bankruptcy cases: (1) *In re Lodgebuilder, Inc.*, 09-14103-lbr; (2) *In re Aubrey*, 09-14360-lbr; and (3) *In re Todd*, 09-14362-lbr. Aubrey and Todd filed a notice of appeal in the Lodgebuilder case; Lodgebuilder, Inc. did not file a notice of appeal. Further, appellants did not file notices of

**James C. Mahan**
**U.S. District Judge**

1   appeal in the Todd or Aubrey cases.

2        Appellants argue that the bankruptcy court made several errors relating to the approval of the

3   settlement agreements.  (Doc. #13).  In response, appellee argues that Lodgebuilder, Inc. cannot

4   proceed *pro se*, and appellants Todd and Aubrey lack standing to pursue this appeal individually or

5   on behalf of the corporation.  (Doc. #15).  Accordingly, appellee asserts that the instant appeal

6   should be dismissed.  (Doc. #15).

7        Pursuant to Federal Rule of Bankruptcy Procedure 8002(a), a party must file a notice of

8   appeal "within 14 days of the date of the entry of the judgment, order, or decree appealed from."

9   FED. R. BANKR. P. 8002(a).  Appellants have not filed notices of appeal in the Aubrey and Todd

10  cases (case numbers 09-14360-lbr and 09-14362-lbr).  Accordingly, these cases are not properly

11  before this court, and must be dismissed.  *See In re Schimmels*, 85 F.3d 416, 422 (9th Cir. 1996).

12  **<u>Standing</u>**

13       "It is a longstanding rule that corporations and other unincorporated associations must appear

14  in court through an attorney."  *D-Beam Ltd. Partnership v. Roller Derby Skates, Inc.*, 366 F.3d 972,

15  973-74 (9th Cir. 2004) (internal quotations omitted); *see also In re Highley*, 459 F.2d 554, 555-56

16  (9th Cir. 1972).  In this case, appellant Lodgebuilder, Inc. is not represented by counsel.  Further,

17  Lodgebuilder, Inc. did not file a notice of appeal; only *pro se* appellants Aubrey and Todd filed

18  notices of appeal.  Therefore, Lodgebuilder, Inc. cannot appear in this matter to appeal the

19  bankruptcy court's settlement order.  *In re Highley*, 459 at 555-56.

20       Appellate standing in bankruptcy cases is analyzed under the "person aggrieved" test. *Matter*

21  *of Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983).  "Only those persons who are directly and adversely

22  affected pecuniarily by an order of the bankruptcy court have . . . standing to appeal that order." *Id.*

23  at 442.

24       Prior to seeking bankruptcy relief in Nevada, appellants were defendants in an adversary

25  proceeding in Arizona bankruptcy court.  (Adversary case number 2:06-ap-00911-RTB).  On March

26  9, 2009, the Arizona bankruptcy court entered a judgment against Lodgebuilder, Inc., Aubrey, and

27  Todd, jointly and severally, for $18,500,883.00.  (Doc. #16, Ex. 4).  Here, Lodgebuilder, Inc.'s

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   bankruptcy schedules indicate total estate assets of approximately $2,823,966.09.  (Doc. #16, Ex.

2   16).

3          Debtors/appellants Aubrey and Todd cannot receive payment ahead of secured and unsecured

4   creditors such as the creditor trustee.  11 U.S.C. § 726(a).  Therefore, there is no possibility that any

5   portion of the Lodgebuilder bankruptcy estate could go to debtors/appellants Aubrey and Todd.  *See*

6   *In re C.W. Mining Co.*, 636 F.3d at 1260.  Thus, Aubrey and Todd lack standing to appeal because

7   their pecuniary interests are not directly and adversely affected.  *Matter of Fondiller*, 707 F.2d at

8   443.

9          Accordingly,

10         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal of bankruptcy

11   case number 09-14103-lbr, *Aubrey, et. al. v. Whinery, et. al.*, 2:11-cv-1476-JCM-GWF, be, and the

12   same hereby is, DISMISSED.

13         DATED May 22, 2012.

14

15   _____

16   **UNITED STATES DISTRICT JUDGE**

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 3 -